THE KEUKA NAVIGATION COMPANY, ·Appellant, *v.* JANE
HOLMES, Respondent.

(Argued March 3, 1885; decided March 10, 1885.)

The mem. of opinion herein is given in full.

" This is a motion to vacate an order dismissing the appeal
under rule 7. The proceedings on the part of the respond-
ent were regular, and the default ought not to be opened as
matter of favor, unless there is some reason to think that the
judgment so obtained is not in strict conformity with the real
merits and equity of the case. Upon the plaintiff's own show-
ing, we think no other judgment possible.

" The complaint sets out a mortgage upon certain boats, exe-
cuted by the 'Lake Keuka Steam Navigation Company to the
defendant, conditioned for the payment of $6,700 with inter-
est; alleges that the plaintiff bought the boats at a sheriff's sale
upon judgment against the mortgagor, ' subject to the mort-
gage aforesaid '; that it wishes to redeem the boats from the
mortgage and is prepared and willing to pay the defendant the
amount due thereon, which, as it is informed, is not ' $6,700 and
interest, as stated therein, but is much less, not exceeding
$5,700 and interest' ; ' that a sum of $1,000 is stated to plaintiff
to have been included in the said $6,700, to be hereafter ad-
vanced by her if needed and as needed, but that the same has
not been so advanced'; that the plaintiff has tendered $5,700
and interest and is ready to pay the same, ' and any further
sum which shall be found due the defendant upon an account-
ing or settlement, if such shall be ordered by the court.'    ' It
being the intention and wish of the plaintiff, and plaintiff now
offers to pay whatever amount the court shall decree to be due
the defendant upon said mortgage,' and after stating an ap-
prehension that the defendant will seek to defeat plaintiff's
right to redeem, asks judgment ' that the said Jane Holmes
shall accept such payment and discharge the lien of said mort-
gage.'

· " The answer among other things sets up an indebtedness to
the full sum of $6,700. Upon trial at Special Term the plain-
tiff's witnesses proved the amount of the indebtedness to the

defendant to be $6,700; showed an attempted tender of $5,785 with notice that it would be put in bank to her credit, and 'that if any further or greater amount than that above stated shall be found to be due you on said mortgage, we hereby promise and agree to pay the same to you, or deposit it at said bank, subject to your order on such being determined.'

"It was also proven by uncontradicted testimony that the boats at sheriff's sale were purchased for the plaintiff by its president for $55, 'subject to a mortgage of $6,700' to the defendant. At the close of the evidence 'counsel for plaintiff moved the court for judgment allowing the plaintiff to redeem from the mortgage of the defendant and for an order directing an accounting of the amount due defendant upon such mortgage.' The court found that the sum due on the mortgage was $6,700, "and was a valid lien in favor of said defendant for said sum upon the property therein mentioned'; that the sheriff's sale was subject to it, and that a tender was made as alleged; and as conclusion of law, 'that the plaintiff is entitled to redeem the said property from the lien of the chattel mortgage by paying to the defendant the sum of $6,700 with interest.'

"Subsequently the parties stipulated that as the findings 'do not fix a time wherein which said redemption shall take place, it should be within five days after the entering of judgment in the action.'

"Judgment was entered on the 2d of February, 1882. The next day the plaintiff appealed to the General Term of the Supreme Court, 'Fourth Department,' where the judgment was affirmed.

"We find nothing of which the plaintiff can complain — nothing which, if erroneous, this court can review. The relief actually given stands on the plaintiff's testimony and is precisely the relief it asked for. No request was made to find that any part of the $6,700 had not been in fact advanced, probably because there was not a scintilla even of evidence which would justify it, and there is no exception which points to any error. It follows that the appeal is without the semblance of merit, and this is so apparent upon an inspection of

the record as to warrant the suggestion that it must have been taken under a very great misapprehension of the legal rights of the parties upon the case made before the trial court."

" The motion should, therefore, be denied with costs."

*Mr. Gillette* for appellant.

*Mr. Oliver* for respondent,

DANFORTH, J., reads mem. for denial of motion,
All concur.
Motion denied.